IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT A. REED, #233-999,          *
          Petitioner

                            *

v.                              CIVIL ACTION NO. PJM-07-741

                            *

J. JOSEPH CURRAN,
          Respondent        *

                       *******

## MEMORANDUM OPINION

Petitioner Robert A. Reed, an inmate confined at the Maryland Correctional Training Center, filed the instant 28 U.S.C. § 2241 application for habeas corpus relief[1] on March 21, 2007, contending that he is held illegally because the Division of Corrections ("DOC") has erred in calculating his sentences and awarding him diminution of confinement credits.  Paper No. 1. Because he appears indigent, Petitioner's Motion for Leave to Proceed in Forma Pauperis (Paper No. 2) shall be granted.   For the reasons stated below, the Court will, by separate Order, dismiss the Petition for Writ of Habeas Corpus without prejudice.

Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), Petitioner must exhaust each claim presented to the federal court through remedies available in state court.  *See also, Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973).   A prisoner challenging the way the DOC's calculations of  his release date  has two possible avenues for relief in the state courts.

**1.  Administrative Proceedings**

Regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and/or diminution credits through administrative proceedings by:

    1.      Filing a request under the administrative remedy procedure, Division of Correction

---

[1]Petitioner used the form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, but the claim is more properly construed as having been filed under 42 U.S.C. § 2241.

Directive 185-001 *et seq.,* to the Warden of the institution where he is confined;
2.      Appealing a denial of the request by the Warden to the Commissioner;
3.      Filing a complaint with the Inmate Grievance Office, ("IGO");
4.      Appealing a final decision of the IGO to the Circuit Court;
5.      Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and
6.      <u>If</u> the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

## 2. Habeas Corpus Proceedings

A prisoner claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1.      Filing a petition for writ of habeas corpus in a Circuit Court;[2]
2.      Appealing a decision by the Circuit Court to the Court of Special Appeals;[3] and
3.      Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

It does not appear that Petitioner has attempted to utilize either of these procedures. Paper No. 1.  Accordingly, a separate Order will be entered dismissing this action without prejudice for failure to exhaust available state court remedies.[4]

/s/
PETER J. MESSITTE
UNITED STATE DISTRICT JUDGE

March 30, 2007

---

[2]In *Maryland House of Correction v. Fields*, 348 Md. 245, 261 (1997), the Maryland Court of Appeals held that a prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies.  It did not address the situation where a prisoner was not claiming entitlement to immediate release.

[3]Although at one time this Court interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits.  *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

[4]The undersigned is not expressing an opinion whether Petitioner has stated a cognizable constitutional claim.